**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CINCINNATI INSURANCE COMPANY, as assignee of Total Access Urgent Care, P.C.,** | ) | |
| ***Plaintiff,*** | ) | |
| **v.** | ) | **Case No. 4:** |
| **KAMS MECHANICAL, LLC, doing business as KAMS MECHANICAL PLUMBING AND PIPING,** | ) | |
| ***Defendant.*** | ) | |

## PETITION

NOW COMES the Plaintiff, CINCINNATI INSURANCE COMPANY, as assignee of Total Access Urgent Care, P.C., by and through its attorneys, GROTEFELD HOFFMANN & GORDON, LLP, and complains of the Defendant, KAMS MECHANICAL, LLC, doing business as KAMS MECHANICAL PLUMBING AND PIPING, as follows:

## GENERAL ALLEGATIONS

1. At all times relevant, CINCINNATI INSURANCE COMPANY (hereinafter referred to as "Cincinnati") was and is an insurance company duly licensed to do business in the State of Missouri and has maintained claims offices throughout the State of Missouri.

2. At all times relevant, Cincinnati was and is an Ohio and Delaware corporation with its principal places of business in Ohio, and is, therefore, a citizen of the State of Ohio and the State of Delaware.

3. At all times relevant, Total Access Urgent Care, P.C. (hereinafter "TAUC") occupied and controlled the real and business personal property located at 915 N. Kirkwood Road, St. Louis, St. Louis County, Missouri 63122 (hereinafter the "Subject Property").

4. At all times relevant, Defendant KAMS MECHANICAL, LLC doing business as KAMS MECHANICAL PLUMBING AND PIPING (hereinafter "KAMS") was a Missouri corporation with its principal place of business at 14515 Missouri Bottom Road, Bridgeton, Saint Louis County, Missouri 63044, and is, therefore, a citizen of the Eastern Division of the Eastern District of the State of Missouri.

## VENUE AND JURISDICTION

5. Pursuant to 28 U.S.C.A. § 1391(b)(1), venue is proper in this Court as KAMS resides in St. Louis, St. Louis County, Eastern Division, Missouri.

6. Pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in this Court as the actions complained of herein occurred in St. Louis, St. Louis County, Eastern Division, Missouri.

7. Pursuant to 28 U.S.C.A. § 1332(a), the Eastern Division of the United States District Court for the Eastern District of Missouri has jurisdiction over this civil action as the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

8. Pursuant to 28 U.S.C.A. § 1332(a)(1), the Eastern Division of the United States District Court for the Eastern District of Missouri has personal jurisdiction over the parties to this case as the parties are citizens of different states.

## GENERAL ALLEGATIONS

9. At all times relevant, KAMS was engaged in the business of, among other things, installing, servicing, maintaining, and repairing plumbing fixtures, including toilets, throughout the State of Missouri, including at the Subject Property.

10. At all times relevant, TAUC held a policy of insurance written by Cincinnati under Policy Number 05ECT0648398, which *inter alia*, provided coverage for real and personal property damage pursuant to the terms and conditions of the Cincinnati policy.

11. Upon information and belief, on or about November 19, 2018, KAMS was retained to perform plumbing installation at the Subject Property (See Total Access Urgent Care Kirkwood, MO Plumbing Submittals Fixtures, attached hereto as Exhibit A).

12. Shortly thereafter, KAMS sent agents and/or employees to the Subject Property to perform the installation of plumbing fixtures, including those referenced in Exhibit A.

13. At all times relevant, the installers from KAMS acted in their capacity as agents and/or employees of KAMS, within the course and scope of KAMS' business.

14. Prior to March 6, 2024, the installers from KAMS installed various plumbing fixtures at the Subject Property, including an American Standard Cadet Pro 215AA toilet (hereinafter the "Subject Toilet").

15. Upon information and belief, the 2019 American Standard Installation Instructions for the Cadet Pro 215AA state "[h]and tighten only. Do not overtighten."

16. Upon information and belief, the 2019 American Standard Installation Instructions for the Cadet Pro 215AA also state "**WARNING**: Overtightening of water supply line nuts could result in breakage and potential flooding. If the connection leaks after hand tightening, replace the supply line."

17. Upon information and belief, the 2019 American Standard Installation Instructions for the Cadet Pro 215AA warn against the use of sealant and state "Do not use any type of sealant on the water supply connection. Use of plumber's putty, pipe dope, or any other type of sealant will void the warranty." Upon information and belief, prior to March 6, 2024, the installers from KAMS used tools when installing the Subject Toilet.

18. Upon information and belief, prior to March 6, 2024, the installers from KAMS used thread sealant when installing the Subject Toilet.

19. Upon information and belief, at no time prior to, nor on March 6, 2024, was the Subject Toilet serviced, modified, or altered in any way.

20. On or about March 6, 2024, a water loss occurred at the Subject Property (hereinafter referred to as the "Subject Water Loss"), causing substantial damage to TAUC's real and business personal property, including other property and additional related expenses.

21. Following the loss, a joint artifact inspection with representatives of KAMS occurred on December 17, 2024, which confirmed this loss occurred due to the improper installation of the Subject Toilet.

22. Pursuant to TAUC's insurance policy, TAUC submitted a claim to Cincinnati seeking payment and/or reimbursement for property damage and other related expenses that resulted from the Subject Water Loss.

23. Cincinnati, in accordance with TAUC's insurance policy, has since paid to or on behalf of TAUC, One Hundred Eighty-Six Thousand Two Hundred Twelve Dollars and Eight Cents ($186,212.08), inclusive of TAUC's Twenty-Five Thousand Dollar ($25,000.00) deductible.

24. Thereafter, TAUC assigned all rights and remedies resulting from the aforementioned water loss to Cincinnati.

25. In consideration of the aforementioned payments by Cincinnati to TAUC, and by operation of law and in equity, Cincinnati became an actual, *bona fide* assignee of TAUC, and became assigned to all rights and claims that TAUC may have against any person or entity which may be liable for causing the Subject Water Loss.

## COUNT I
## NEGLIGENCE

26. Cincinnati re-alleges and fully incorporates by reference the allegations contained in paragraphs 1 through 25 of this Petition as though fully set forth herein and pled as paragraph 26 of this Count I.

27. At all times relevant, KAMS, by and through its agents and/or employees, was under a duty to exercise reasonable care in its installation of plumbing fixtures, in addition to a duty to exercise reasonable care in its hiring of agents and/or employees and supervise them in the installation activities at the Subject Property, for the safety of TAUC's real and personal property.

28. Notwithstanding said duty, KAMS, by and through its agents and/or employees, breached its duty through one or more of the following negligent acts and/or omissions:

a. Carelessly and negligently failed to properly perform installation of the Subject Toilet at the Subject Property;

b. Carelessly and negligently failed to properly train its agents and/or employees to perform installation of the Subject Toilet at the Subject Property;

c. Carelessly and negligently failed to inspect its agents' and/or employees' work area for potential risks following the installation of the Subject Toilet at the Subject Property;

d. Carelessly and negligently failed to take proper safety precautions following its agents' and/or employees' installation of the Subject Toilet at the Subject Property;

e. Carelessly and negligently failed to give proper notice of the risks associated with the type of work KAMS was retained to complete;

f. Carelessly and negligently retained its agents and/or employees without regard for their particular unfitness for their position as agents and/or employees for the installation of the Subject Toilet at the Subject Property;

g. Carelessly and negligently supervised and failed to properly and reasonably safeguard against its agents' and/or employees' particular unfitness as

agents and/or employees for the installation of the Subject Toilet at the Subject Property;

h. Carelessly and negligently failed to provide clear instructions and/or warnings to its agents and/or employees;

i. Carelessly and negligently failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property;

j. Carelessly and negligently failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property by using tools during the installation;

k. Carelessly and negligently failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property by using thread sealant during the installation;

l. Carelessly and negligently failed to comply with all applicable codes, regulations, guidelines, policies, procedures, and/or industry customs and practices in connection with the installation of the Subject Toilet at the Subject Property;

m. Was otherwise careless and negligent in the installation of the Subject Toilet at the Subject Property; and/or

n. Was otherwise careless and negligent in its supervision of its agents and/or employees.

29. As a direct and proximate result of one or more of the aforementioned negligent acts of omissions to act on behalf of KAMS, by and through its agents and/or employees, the Subject Water Loss occurred, causing damage to the Subject Property and to other personal property within the Subject Property, in addition to other related expenses.

30. As a direct and proximate result of the aforementioned negligent acts and omissions to act on behalf of KAMS, by and through its agents and/or employees, and the resulting Subject Water Loss, Cincinnati suffered damages in an amount of One Hundred Eighty-Six Thousand Two Hundred Twelve Dollars and Eight Cents ($186,212.08), inclusive of TAUC's deductible.

**WHEREFORE**, CINCINNATI INSURANCE COMPANY, as assignee of Total Access Urgent Care, P.C., respectfully requests judgement be entered in its favor and against KAMS MECHANICAL, LLC doing business as KAMS MECHANICAL PLUMBING AND PIPING for such damages as are fair and reasonable, plus costs and for such other or further relief as this Court deems equitable and just.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF WORKMANSHIP**

31. Cincinnati re-alleges and fully incorporates by reference the allegations contained in paragraphs 1 through 30 of this Petition as though fully set forth herein and pled as paragraph 31 of this Count II.

32. KAMS impliedly warrantied that the installation of the Subject Toilet at the Subject Property would be done in a good and workmanlike manner befitting a skilled contractor.

33. KAMS breached the aforementioned warranty of workmanship in one or more of the following ways:

a. Failed to properly perform installation of the Subject Toilet at the Subject Property;

b. Failed to properly train its agents and/or employees to perform installation of the Subject Toilet at the Subject Property;

c. Failed to inspect its agents' and/or employees' work area for potential risks following the installation of the Subject Toilet at the Subject Property;

d. Failed to take proper safety precautions following its agents' and/or employees' installation of the Subject Toilet at the Subject Property;

e. Failed to give proper notice of the risks associated with the type of work KAMS was retained to complete;

f. Retained its agents and/or employees without regard for their particular unfitness for their position as agents and/or employees for the installation of the Subject Toilet at the Subject Property;

g. Failed to properly and reasonably safeguard against its agents' and/or employees' particular unfitness as agents and/or employees for the installation of the Subject Toilet at the Subject Property;

h. Failed to provide clear instructions and/or warnings to its agents and/or employees;

i. Failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property;

j. Failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property by using tools during the installation;

k. Failed to follow the manufacturer's instructions for the installation of the Subject Toilet at the Subject Property by using thread sealant during the installation;

l. Failed to comply with all applicable codes, regulations, guidelines, policies, procedures, and/or industry customs and practices in connection with the installation of the Subject Toilet at the Subject Property;

m. Was otherwise careless and negligent in the installation of the Subject Toilet at the Subject Property; and/or

n. Was otherwise careless and negligent in its supervision of its agents and/or employees.

34. As a direct and proximate result of one or more of the aforementioned breaches of implied warranty on behalf of KAMS, by and through its agents and/or employees, the Subject Water Loss occurred, causing damage to the Subject Property and to other personal property within the Subject Property, in addition to other related expenses.

35. As a direct and proximate result of the aforementioned breaches of implied warranty on behalf of KAMS, by and through its agents and/or employees, and the resulting Subject Water Loss, Cincinnati suffered damages in an amount of One Hundred Eighty-Six Thousand Two Hundred Twelve Dollars and Eight Cents ($186,212.08), inclusive of TAUC's deductible.

**WHEREFORE**, CINCINNATI INSURANCE COMPANY, as assignee of Total Access Urgent Care, P.C., respectfully requests judgement be entered in its favor and against KAMS MECHANICAL, LLC doing business as KAMS MECHANICAL PLUMBING AND PIPING for such damages as are fair and reasonable, plus costs and for such other or further relief as this Court deems equitable and just.

Respectfully submitted,

CINCINNATI INSURANCE COMPANY,
as assignee of Total Access Urgent Care

By: *_/s/ Catherine Carter_______________*

Catherine E. Carter # 6347564
Attorney for Plaintiff
GROTEFELD HOFFMANN &
GORDON, LLP
407 S. Third Street, Suite 200
Geneva, Illinois 60134
Telephone: (630) 262-1112
Facsimile: (312) 601-2402
Email: ccarter@ghlaw-llp.com